UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Angela Ann Cormier                                   Civil Action No. 06-1806

versus                                                     Judge Tucker L. Melançon

Aetna Life Insurance Company                         Magistrate Judge Hill

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion for Summary Judgment filed by defendant Aetna Life Insurance Company ("Aetna") against plaintiff Angela Ann Cormier. [Rec. Doc. 35]. For the following reasons, the motion for summary judgment filed by Aetna will be granted.

*Background*

The undisputed facts state the following:

Plaintiff seeks benefits arising from an alleged back condition pursuant to the long term disability plan ("the Plan") provided to her through her former employer, Our Lady of Lourdes Regional Medical Center ("OLOL"). *R. 1*. Plaintiff began working at OLOL Regional Medical Center as an LPN in 1992. In January 2003, OLOL adopted benefit plans that included, *inter alia,* long term disability benefits. Aetna was the claims administrator under the Plan.

Under the relevant terms of the Plan, eligibility and coverage periods were defined as follows:

---

[1] Aetna's motion was filed on February 27, 2008, Pursuant to Local Rule 7.5W, plaintiff's deadline to file any objection was March 24, 2008. As plaintiff did not file any opposition to Aetna's motion, Aetna's Statement of Undisputed Facts in support of its motion, *R. 35-2*, will be deemed admitted. Local Rule 56.2W.

> You are in an Eligible Class if you are a regular full-time, part-time, Weekend, Class 2 employee, who has five or more years of service, of an Employer participating in this Plan.
> In addition, you must be:
>
>> Scheduled to work on a regular basis at least 32 hours per pay period for your Employer, and
>> Working within the United States
>
> ...
>
> Coverage under this Plan terminates at the first to occur of:
>
>> When employment ceases.
>> When the group contract terminates as to the coverage.
>> When you are no longer in an Eligible Class. (This may apply to all of part of your coverage.)
>> When you fail to make any required contribution.
>
> Ceasing active work will be deemed to be cessation of employment.

Plaintiff claims she injured herself while at work on January 24, 2003. Because her injury occurred at work, she applied for, and ultimately received, worker's compensation benefits. Over the next year, plaintiff worked sporadically at OLOL. On December 22, 2003, plaintiff worked her last day at OLOL. Her employment was officially terminated by OLOL as of February 13, 2004. Over the next two-plus years, plaintiff failed to apply for disability benefits.

After waiting over two years from her date last worked to apply for disability benefits, plaintiff submitted an application for disability on April 20, 2006. The Plan at issue included a provision that established the following claim period:

> The deadline for filing a claim for benefits is 90 days after the end of the elimination period. If, through no fault of your own, you are not able to meet the deadline for filing a claim, your claim will be accepted if you file as soon as possible; but not later than 1 year after the deadline unless you are legally incapacitated. Otherwise, late claims will not be covered.

Aetna requested that plaintiff provide medical proof of her disability. In support of her application, plaintiff submitted a statement from Dr. Tassin dated July 13, 2006. The statement did not address any aspect of plaintiff's medical condition, treatment, or functional restrictions and limitations for any time prior to July 13, 2006, since Dr. Tassin did not treat her prior to that time.

Under the Plan, an employee is only entitled to disability benefits if she can establish she is totally disabled and that the disability commenced while coverage is in force. In pertinent part, these terms are defined as follows:

> Monthly benefits will be payable if the period of disability:
>
>> starts while you are covered; and
>> continues during and past the elimination period
>
> ...
>
> You are deemed to be totally disabled while either of the following applies to you:
>
>> During the period which ends right after the first 24 months benefits are payable in a period of total disability: You are not able, solely because of injury or disease, to perform the material duties of your own occupation; except that if you start work at a reasonable occupation you will no longer be deemed totally disabled.
>
>> Thereafter during such period of total disability; You are not able, solely because of injury or disease, to work at any reasonable occupation.

You will not be deemed to be performing the material duties of your own occupation or working at a reasonable occupation on any day if:

> You are performing at least one, but not all, of the material duties of your own occupation or you are working at any occupation (full-time or part-time); and

>Solely due to disease or injury, your income from either is 80% or less of your adjusted pre-disability earnings.

Given plaintiff's failure to timely file a claim, to show disability commenced during the period she was covered by the Plan, as she ceased working in December 2003, and the sole medical evidence of disability did not indicate that she was disabled until July 6, 2006, the Plan administrator found that plaintiff was not eligible for benefits.  Plaintiff filed this action on October 13, 2006 asserting a claim for long-term disability benefits from Aetna.

### *Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc).  Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim.  *Id.*  If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the

non-moving party to show that there is a genuine issue for trial.[2] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*Analysis*

Aetna asserts in its motion for summary judgment that plaintiff's claim against it should be dismissed because plaintiff failed to provide requisite timely notice of any disability pursuant to the express terms of the policy and when plaintiff filed her

---

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

late claim, she failed to provide the requisite proof of a disability that existed during the time she was covered. Plaintiff does not oppose Aetna's motion. The fact that plaintiff did not file an opposition to Aetna's motion, however, does not necessarily mean Aetna should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, as provided in the foregoing, plaintiff's failure to file an opposition and statement of contested material facts requires the Court to deem Aetna's statement of uncontested material facts, *R. 35-2,* admitted for purposes of the instant motion. Local Rule 56.2W.

La. R.S. § 22:213(A), Health and accident policy provisions, provides requirements that must be included in every health and accident insurance policy in Louisiana. 22:213 provides in pertinent part:

> A. Required provisions. Each such policy shall contain in substance the following provisions or, at the option of the insurer, provisions which in the opinion of the commissioner of insurance are not less favorable to the policyholder; provided that, except as permitted by R.S. 22:211(C), no time limitation with respect to the filing of notice or proof of loss or within which suit may be brought upon the policy shall differ from the time limitations of the following provisions:
> . . .
>
> (5) Proofs of loss: Affirmative written proof of loss must be furnished to the insurer at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the insurer is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof

> within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event later than one year from the time proof is otherwise required. Any such policy may also provide, at the insurer's option that written notice or proof of continuance of disability must be furnished not less frequently than each ninety days during the continuance of disability.

The notice requirement in Aetna's policy complies with 22: 213 in stating that "[t]he deadline for filing a claim for benefits is 90 days after the end of the elimination period. If, through no fault of your own, you are not able to meet the deadline for filing a claim, your claim will be accepted if you file as soon as possible; but not later than 1 year after the deadline unless you are legally incapacitated. Otherwise, late claims will not be covered." *Disability Plan, Gen. Info. Sec. at 13*.

It is well settled that the contract of insurance, like every other contract, is the law between the parties. Every provision must be interpreted as written when they are clear and unambiguous. In particular, there is no standard definition of disability. One must look to the policy for guidance. *Cannon v. Ormet Corp.*, 479 So.2d 555, 558 (La.App. 1 Cir.,1985) (citing *Southern States Masonry Co., Inc. v. Mission Ins. Co.*, 353 So.2d 307, 310 (La.App. 1st Cir. 1977).

Plaintiff conceded in her deposition testimony that she was diagnosed with the condition she claims is disabling at the time of her last day of active employment at OLOL on December 22, 2003. *R. 36, Cormier Depo. at 37*. As December 22, 2003 began the 90 day elimination period pursuant to the policy, the latest date for plaintiff to file a claim occurred 90 days thereafter, on March 21, 2004. The record indicates that plaintiff filed her first claim for disability on April 20, 2006. Even if it was "not

7.

reasonably possible" for plaintiff to give proof within 90 days, which plaintiff does not allege in her complaint and the record does not reflect, she failed to file notice no "later than one year from the time proof is otherwise required," or by March 21, 2005. As Aetna has demonstrated that plaintiff did not file for disability benefits in accordance with the Plan's terms, Aetna is entitled to a judgment as a matter of law. *Goodwin v. Libbey Glass, Inc.*, 176 Fed. Appx. 588, 593 (5th Cir., 2006).

Assuming *arguendo* that plaintiff's claim for benefits had been timely under the Plan, plaintiff's application was insufficient to establish that she was disabled during the time she was working at OLOL. The Plan requires that disability "starts while you are covered; and continues during and past the elimination period." In support of her application for disability, plaintiff submitted an Attending Physician Statement by Dr. Tassin which stated that he prescribed work restrictions which showed plaintiff was disabled as of July, 13, 2006. *R. 36, Exh. 4, pp. 72-73.* While Tassin indicates in the statement that he treated plaintiff from December 22, 2003 through July 12, 2006, he makes no comment on her medical condition, treatment or functional limitations and restrictions, or any determination regarding her disability status during that period. Plaintiff has failed to provide any medical evidence that she was disabled and that her claimed period of disability began while coverage was in force as required under the terms of the Plan. *See, Cannon*, 479 So.2d at 559.

Accordingly, as plaintiff failed to provide timely notice of any disability pursuant to the express terms of the Plan, and failed to provide the requisite proof of

a disability that existed during the time she was covered under the Plan, Aetna's motion for summary judgment will be granted and plaintiff's claim dismissed.